## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATHEW MUSHENSKI : | |
| 1340 Reed Lane : | |
| Kintnersville, PA 18930 : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. _____ |
| : | |
| INTER-INDUSTRY CONFERENCE ON : | |
| AUTO COLLISION REPAIR, d/b/a : | |
| I-CAR : | **JURY TRIAL DEMANDED** |
| 5125 Trillium Boulevard : | |
| Hoffman Estates, IL 60192 : | |
| : | |
| Defendant. : | |
| : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.      This action has been initiated by Mathew Mushenski (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.). Plaintiff has not been paid overtime compensation in accordance with state and federal laws; and as a result, he seeks damages as more fully set forth herein.

### II. JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under federal laws. There is supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.  PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Inter-Industrial Conference on Autobody Collision Repair, d/b/a I-CAR is a not-for-profit corporation founded in 1979 providing training within the collision repair industry. This entity is headquartered at the above-captioned address.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.  FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.    Plaintiff was hired by Defendant on or about May 15, 2023; and in total, Plaintiff has been employed by Defendant for almost three (3) years. Plaintiff remains *currently* employed by Defendant.

11.    Within Defendant, Plaintiff has been referred to as a trainer or welding instructor (among other similar iterations of titles).

12.    Defendant, a non-profit entity, requires employees such as Plaintiff to go to third-party businesses and third-party worksites. At such businesses or sites, Plaintiff will mentor, illustrate, demonstrate or train laborers on basic repairs of vehicles, welding, riveting, or other vehicle-repair related duties.

13.    Plaintiff's home base is his residence (in Bucks County, Pennsylvania). He travels to and from his residence, prepares for work at his residence, and stores company equipment within his residence.

14.    Plaintiff's job has been (and remains) to travel to businesses who pay and contract with Defendant. Plaintiff's territory is in Pennsylvania, and Plaintiff travels all over Pennsylvania for his assignments by Defendant. Defendant performs so much business in Pennsylvania that it has registered as a "foreign" corporation doing business in Pennsylvania since 1983.

15.    Plaintiff travels to sites, which generally consist of mechanics bays, garages, or body shops and ensures that employees therein are performing basic auto and collision repairs properly and gives mentorship or instruction on such skills.

16.    Some of Plaintiff's relevant management has been:

(a) Carl Pence, Jr. – Program Delivery Trainer East Coast;

(b) Sonja Bristow – Manager, Delivery Enablement of the Northeast Region;

(c) Brian Wasson – Director of Delivery and Training; and

(d) Lori Barrington – Vice President, Delivery and Facility & Equipment Programming

17.     Plaintiff's job requires travel, preparations at his residence, off-hours research or calls, driving time to and from sites for Defendant, and time spent in facilities Plaintiff is directed to work within (wherein he is deemed a trainer).

18.     Plaintiff estimates that he has averaged working at least fifty (50) hours per week for Defendant in the last approximate three (3) years of his employment. There are some weeks where Plaintiff's work was slower and Plaintiff worked less, and there are some weeks when Plaintiff had extensive travel and was exceptionally overworked or busy. Thus, Plaintiff estimates an average 50-hour work week per year.

19.     Plaintiff has been paid a salary of $96,000.00 per annum, and he was paid this salary regardless of how many hours he has worked. Plaintiff has never been paid overtime compensation (for any hours worked over 40 hours in a workweek).

20.     As of filing this lawsuit, Plaintiff has worked for Defendant for approximately 142 weeks. Even viewing Plaintiff's overtime worked conservatively, Plaintiff has worked no less than 1,420 hours of overtime during this timeframe.

21.     Plaintiff's hourly rate is $40.00 per hour (when breaking down salary at a 40-hour workweek). Plaintiff's overtime rate is and should have been $60.00 per hour. Thus, Plaintiff was not paid at least **$85,200.00** in unpaid overtime compensation (in a 3-year lookback).

22.     There is no possible, feasible, plausible or good-faith argument that Plaintiff qualifies as an "exempt" employee under state or federal wage laws (to justify non-payment of overtime compensation).

23.     The role Plaintiff performs for Defendant does not require any level of higher education or advanced degrees.

24.    Plaintiff attended high school and went through a 9-month vocational program after high school. Plaintiff has no college degrees or certifications himself. Other employees similarly situated to Plaintiff perform training of body shop employees with high school degrees as well. Thus, individuals are able to perform Plaintiff's role with a high school degree and/or prior on-the-job experience.

25.    Plaintiff performed (and performs) a non-administrative role for Defendant that is the very role *generating revenue* for Defendant (often referred to as a production role). Plaintiff provides a cursory analysis of the only exemption(s) Defendant may feign exists (albeit such exemption(s) lacks any valid application *as a matter of law*).[1]

26.    There is a "professional exemption" under the FLSA. *See* 5 C.F.R. § 551.207. To meet such an exemption, an employee must be paid a salary (not disputed here) and "an employee's primary duty must be the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." It is a very high standard to meet the "professional exemption," and indeed examples are provided such as "traditional professions of law, medicine, theology, accounting," and other higher-level white-collar professions. *See* 5 C.F.R. § 551.208.

27.    In *Pignataro v. Port Auth.*, 593 F.3d 265, 269 (3d Cir. 2010), the Third Circuit Court of Appeals explained a helicopter pilot who had extensive training could not even meet the professional exemption. In so holding, the court explained: "Advanced knowledge is knowledge "which cannot be attained at the high school level," 29 C.F.R. § 541.301(b), and which has been obtained through "prolonged study." 29 C.F.R. § 541.300. Jurisprudence dictates generally an

---

[1] "In a FLSA suit for unpaid overtime, the defendant employer bears the burden of proof to establish that an employee falls under an exemption." *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001).

advanced degree, often beyond a 4-year degree, is required for such an application of this exemption from overtime.

28.     With this background in mind, one category of the "professional" exemption under the FLSA is for "Teachers." Plaintiff could never meet the Teachers' exemption because he did not perform as a teacher with an advanced degree (explained above). And the specific Teachers exemption requires an employee to be "teaching" only "in an educational establishment." *See* 5 C.F.R. § 541.303. An "educational establishment" is expressly defined by statute as "an elementary or secondary school system, an institution of higher education or other educational institution." *See* 29 C.F.R. § 541.204

29.     Plaintiff traveled to and from body shops and collision repair shops making sure employees understood rudimentary car repairs such as riveting, welding, and other manual tasks. They thereafter generally received acknowledgement of their training from Defendant. Plaintiff could not have met any overtime exemptions, and any argument to the contrary would be illustrative of frivolity and bad faith.

30.     Courts do not hesitate to find overtime violations in analogous situations as herein. *See e.g. Norton v. Maximus Inc*., 2015 U.S. Dist. LEXIS 157473, at *1 (D. Idaho 2015)(finding willful violations of the FLSA for non-payment of overtime to "trainers" who went to different call centers for the defendant to train customer service representatives for the defendant); *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 737 (5th Cir. 2020)(affirming verdict in favor of instructors for unpaid overtime compensation and for liquidated damages who were sent to hospitals to train hospital staff on use of technology therein); *Astor v. United States*, 79 Fed. Cl. 303, 304 (2007)(granting summary judgment for unpaid overtime compensation to 45 firearms instructors for the federal government training others within Homeland Security

because they could not possibly meet the professional exemption and did not teach in an educational establishment).

31.    Defendant maintains an unlawful practice and policy of failing to pay salaried trainers or instructors overtime compensation. Defendant has no viable defense and paying an employee a salary is not indicative of non-entitlement to overtime pay. Defendants' employees working in the same or similar role to Plaintiff are unequivocally entitled to overtime if they work more than 40 hours in a workweek.

32.    Liquidated damages are viewed as generally "automatically" awarded in all cases – not as a penalty or to be punitive – but to compensate unpaid employees for their inability to utilize such unpaid compensation *for years*.[2] Plaintiff should thus receive a total of no less than **$170,400.00** in unpaid overtime and compensation (with inclusion of liquidated damages).

33.    In addition to being awarded no less than $170,400.00, Plaintiff should also receive mandatory attorney's and costs awarded against Defendant. *See e.g.* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

---

[2] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**

34.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.    Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**

36.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.    Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting overtime, wage, and other employment-law violations;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's wrongful actions, including but not limited to all owed wages, overtime, and past and future lost earnings.

C.    Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D.    Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

E.      Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: February 1, 2026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Mathew Mushenski | : | CIVIL ACTION |
| v. | : | |
| Inter-Industry Conference on Auto Collision Repair, d/b/a I-Car | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Desingation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

| | | |
|---|---|---|
| 2/1/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?      Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.      Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  ***Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☒ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  ***Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
    _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MUSHENSKI, MATHEW

**DEFENDANTS**

INTER-INDUSTRY CONFERENCE ON AUTO COLLISION REPAIR, D/B/A I-CAR

**(b)** County of Residence of First Listed Plaintiff **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Cook**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA(29USC201)

Brief description of cause:
Violations of the FLSA and the PMWA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE 2/1/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____